IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RIO RANCHO PROPERTIES, | § | |
|             Plaintiff | § | |
| V. | § | |
| | § | |
| WELLS FARGO BANK, N.A., | § | A-15-CV-00227-LY-ML |
| BUCKLEY MADOLE, P.C., | § | |
| AUCTION.COM, LLC, | § | |
|             Defendants | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are the Notice of Removal [Dkt. #1] filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo) and the Motions to Dismiss [Dkt. # 5, 6] filed by Wells Fargo and Buckley Madole, P.C., respectively.

The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

This case concerns a completed foreclosure effected by Wells Fargo on real property located at 206 Phillips Street, Hutto, Texas 78634 (the "Property"). The removed state court complaint underlying this dispute was filed in the Justice Court, Precinct Number 4, of

1

Williamson County, Texas (a.k.a. "Small Claims Court"), *see* Notice of Removal [#1] Ex. A, p.1. The Justice Courts in Texas have jurisdiction only over matters in which the amount in controversy is less than $10,000. Tex. Gov't Code § 27.031(a)(1). The Justice Courts specifically do *not* have jurisdiction over suits to enforce a lien on land or to try title to land. *Id.* at § 27.031(b)(4),(5).

The Original Petition in the small claims court asserts the neighborhood homeowner's association (HOA) judicially foreclosed on the subject Property pursuant to an order from the 277th Judicial District Court of Williamson County, Texas, in Cause No. 14-0667-C277. Pet. ¶ 6. The Plaintiff asserts it purchased the Property at the foreclosure sale conducted by the HOA and acknowledges its purchase is subject to the Deed of Trust held by Wells Fargo. *Id.* at ¶13. Plaintiff does not contest the validity of Wells Fargo's right to enforce the Deed of Trust in general, but asserts that pursuant to Texas Property Code § 209.011(b), the bank must "redeem" the property by paying the sums due to the HOA and/or incurred by the HOA in the foreclosure process (enumerated in Section 209.011(d)) before conducting its own foreclosure on the Property. Pet. at ¶¶ 7, 13. In this particular case, the redemption fee amounts to $3000. *Id.* at Prayer for Relief. Alternatively, Plaintiff seeks to recover the $4,788 actually spent on improvements to the property in conjunction with the HOA foreclosure sale. *Id*.

Plaintiff has never sought to assert a right in the Property senior to or otherwise inconsistent with Wells Fargo's Deed of Trust. *See Id.* at ¶13. At most, Plaintiff seeks to void the foreclosure sale for failure to comply with Texas Property Code § 209.011(b), returning the parties to the position in which Plaintiff holds an interest in the Property subject to Wells Fargo's Deed of Trust, and Wells Fargo has the right to foreclose after paying the minimal sum necessary

to redeem the Property from the HOA foreclosure under the Texas Property Code. *Id.* at ¶¶ 13-19.

Despite these clear indications that the amount in controversy—in the small claims court for Williamson County—were well below the jurisdictional threshold for removal, Wells Fargo removed this case to federal court on March 20, 2015, and now seeks to dismiss Plaintiffs' claims for relief. Texas-based law firm Buckley Madole, whom Wells Fargo asserts was improperly joined, similarly seeks dismissal of Plaintiff's entirely state-law claims.

## II. ANALYSIS

It is beyond dispute that to establish diversity jurisdiction—the only basis for federal jurisdiction plead by Wells Fargo—the removing party must show that the parties are citizens of different states ***and*** the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). Leaving aside the issue of the two Texas-based Defendants, Buckley Madole and Auction.com, alleged to have been improperly joined in the underlying suit, it is facially apparent from the complaint that the amount in controversy does not exceed ***$5000***, much less ***$75,000.*** Defendant asserts the general proposition that "[W]hen the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes." Notice of Removal [#1] at ¶ 18, citing *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009). Defendant overlooks the glaring fact that the right to the property in this case was never in dispute—the only issue was whether Defendant was authorized to ignore its "duty to redeem" or otherwise compensate the Plaintiff for the money expended on the Property incident to the HOA sale. The court in which the complaint was brought does not even have jurisdiction to hear a challenge concerning the right to the property. Tex. Gov't Code § § 27.031(b)(4),(5). Nor do the justice courts have jurisdiction over

claims exceeding $10,000 in damages.  *Id*. at §27.031(a)(1).  Defendant's action in removing this clearly state-based controversy to federal court is patently meritless and has contributed to unnecessary delay and cost in what should have been a relatively simple small claims dispute.

### III. RECOMMENDATIONS

For the reasons outlined above, the undersigned RECOMMENDS that this case be REMANDED to state court for lack of federal subject matter jurisdiction and that all pending motions be DISMISSED for lack of jurisdiction.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED June 11, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE